IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>NICOLE CORRINE BEAUVAIS,<br><br>Debtor. | 4:14-CV-3143<br><br>BANKRUPTCY NO. BK14-40365<br><br>MEMORANDUM AND ORDER |

    The debtor, Nicole Corrine Beauvais, appeals from the decision of the bankruptcy court (BK14-40365 filing 28) denying her motion (BK14-40365 filing 25) to avoid the lien of North American Title Loans.[1] For the reasons that follow, the bankruptcy court's decision will be affirmed.

    The underlying facts are straightforward. The debtor took out a title loan for a personal vehicle, and the creditor, North American Title Loans, has a lien encumbering the vehicle. BK14-40365 filing 25 at 1-2. The debtor still owes the creditor approximately $1,361.10. BK14-40365 filing 25 at 2, filing 22 at 2. The debtor filed a voluntary bankruptcy petition claiming a state law exemption for the vehicle. BK14-40365 filing 1 at 12, filing 22. Under Nebraska law, exempt property includes so-called "tools of the trade," up to a value of $2,400, "which may include one motor vehicle used by the debtor in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business." Neb. Rev. Stat. § 25-1556(4). It is not disputed that the debtor uses her vehicle to commute.

    The debtor filed a motion to avoid the creditor's lien on the vehicle. BK14-40365 filing 25. But, although no opposition to the motion was filed, the bankruptcy court denied it. BK14-40365 filing 28. The bankruptcy court explained that although exemptions are defined in Nebraska by state law, whether a lien on exempt property can be avoided is determined by federal law. BK14-40365 filing 28 at 2. And, the bankruptcy court found, under 11 U.S.C. § 522(f)(1)(B)(ii), "tools of the trade" for lien avoidance purposes do not include a car that is used only for commuting purposes.[2] BK14-40365 filing 28 at 2; *see In re King*, 451 B.R. 884, 887 (Bankr. N.D. Iowa 2011). The debtor

---

[1] Such an order is final and appealable. *See*, *In re Walters*, 675 F.3d 1142, 1144 (8th Cir. 2012); *In re Bradshaw*, 283 B.R. 814, 816-17 (B.A.P. 1st Cir. 2002); *In re Snyder*, 279 B.R. 1, 2 (B.A.P. 1st Cir. 2002).

[2] The debtor does not appear to disagree with this conclusion—that is to say, she argues the Nebraska exemption should control, but does not disagree with the bankruptcy court's conclusion that § 522(f)(1)(B)(ii) does not, solely by its terms, include a commuting vehicle.

appealed, and elected to have her appeal heard by the district court. Filing 1; filing 4.

A bankruptcy court's conclusions of law are reviewed de novo on appeal, its findings of fact are reviewed for clear error, and issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion. *In re King*, 744 F.3d 565, 569 (8th Cir. 2014). The primary issue on appeal is a question of law: whether Nebraska's state law tools-of-the-trade exemption controls the availability of lien avoidance under § 522(f).

Under § 522, a debtor may choose to exempt from the property of the bankruptcy estate any property that is exempt under the state or local law of the debtor's domicile. § 522(b)(1) and (3)(A). Nebraska has opted out of federal exemptions and elected to retain the personal exemptions provided under Nebraska statutes. Neb. Rev. Stat. § 25-15,105. And, as noted above, Nebraska's exemption for tools of the trade includes vehicles used for commuting. *See* § 25-1556(4).

But whether property may be exempted from the bankruptcy estate, and whether a lien that impairs exempt property may be avoided, are separate questions. Section 522(f)(1)(B)(ii) provides that

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a nonpossessory, nonpurchase-money security interest in . . . implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor[.]

The debtor argues that federal law preempts any state law that would *limit* the scope of exempt property that can be exempted, *see Owen v. Owen*, 500 U.S. 305 (1991), but that where a state law exemption is broader, the state law definition should be used. *See* filing 8 at 10, 12-22. But while that rule has some appeal, it is not consistent with the plain language of § 522, which clearly delineates between exemptions and lien avoidance.

Under § 522(b), a debtor may elect to claim exemptions under either state law or a detailed list of federal exemptions (which includes a tools of the trade exemption that is narrower than Nebraska's). *See* § 522(d). In other words, exemptions may be claimed under state law definitions because § 522(b) expressly permits them. No such incorporation of state law is found in § 522(f), which instead provides that a debtor may avoid a lien that impairs an exemption only if the lien meets the definition set forth in § 522(f)(1).

That is why the substantial weight of authority supports the bankruptcy court's decision. *See, e.g.*, *Matter of Thompson*, 750 F.2d 628, 631

- 2 -

(8th Cir. 1984); *In re Cleaver*, 407 B.R. 354, 357-59 (B.A.P. 8th Cir. 2009); *McGreevy v. ITT Fin. Servs.*, 130 B.R. 200, 202-03 (D. Md. 1991); *In re Wright*, 34 B.R. 643, 645 (Bankr. D. Ky. 1983). The Eighth Circuit has, in fact, been quite clear that "[a]lthough a state may elect to control what property is exempt under state law, federal law determines the availability of a lien avoidance." *Thompson*, 750 F.2d at 630. The Court of Appeals explained that § 522(f) was enacted because

> Congress determined that a lien avoidance provision was necessary to provide debtors with a mechanism by which they could extricate themselves from "adhesion contracts" impairing a "fresh start." Legislators were concerned with creditors who, in loaning money, took security interests in all of a debtor's personal belongings, and then threatened repossession as a means of coercing repayment from frightened debtors.

*Thompson*, 750 F.2d at 630. But § 522(f)

> has a different objective than that of the exemption statutes. Although Congress was interested in seeing that debtors achieve a fresh start, the primary goal of the lien avoidance statute was to prevent creditors from forcing debtors in bankruptcy to reaffirm consumer debts. *Not every item exempt under state or federal law can be avoided under section 522(f)(2)*.

*Thompson*, 750 F.2d at 631 (citations omitted) (emphasis supplied); *see Cleaver*, 407 B.R. at 358-59. The Eighth Circuit's holding is controlling, and consistent with the plain language of § 522(f). The debtor's arguments to the contrary are without merit.

The debtor also argues, relying on a recent decision of Judge Urbom's, that the bankruptcy court should have granted her motion because it was unopposed. Filing 8 at 11-12; s*ee In re Isley*, No. 4:13-cv-3193, 2014 WL 585345 (D. Neb. 2014). The Court respectfully disagrees with *Isley* to the extent it could be read to imply that a bankruptcy judge *must* grant a motion simply because it is unopposed. No doubt, the bankruptcy court had the *discretion* to do so. *See* Neb. R. Bankr. P. 9013-1(I). But it is a well-established general principle that a court is not required to grant a motion by default just because the nonmoving party fails to respond. *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983); *see*, *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355-56 (5th Cir. 1993); *Meade v. Grubbs*, 841 F.2d 1512, 1519-20 (10th Cir. 1988); *Cunningham v. Schmidt*, 267 F.2d 690,

691 (D.C. Cir. 1959); *see also Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997).

The bankruptcy court considered whether opposition to the debtor's motion had been waived, and explained in some detail its reasoning and authority for, nonetheless, reviewing the merits of the motion. *See* BK14-40365 filing 28 at 1-2 n.2. Given the bankruptcy court's explanation of its decision, the Court finds no basis to conclude that the court abused its discretion in addressing the debtor's motion on its merits.

IT IS ORDERED:

1. The decision of the bankruptcy court (BK14-40365 filing 28) is affirmed.

2. A separate judgment will be entered.

Dated this 31st day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -